UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENISE RICHIR,

                Plaintiff,

v.

**Hon. Hugh B. Scott**

05CV76S

**Order**

VILLAGE OF FREDONIA, NEW YORK, et al.,

                Defendants.

Before the Court is plaintiff's application (Docket No. 68[1], Mar. 19, 2008) for her motion costs regarding her motion to compel (Docket No. 61[2]). The Order granting plaintiff's motion to compel (Docket No. 65, Order of Mar. 11, 2008) gave plaintiff five days from entry of that Order to file and serve this application, with any response from defendants due five days from that filing and service (id. at 14, 12-13). Familiarity with that Order is presumed.

Also pending is the Village defendants' submission of certain items for in camera inspection (see id. at 7-8, 9-10, 13), which this Court will rule on in a separate Order, as well as the Chautauqua County defendants' motion to dismiss the Amended Complaint as to them (Docket No. 52) now pending before Judge William Skretny.

---

[1] In support of her application is plaintiff's attorney's affidavit. The Village of Fredonia and defendants affiliated with the village (collectively "Village defendants") did not submit a response to this application.

[2] In support of her motion, plaintiff filed her attorney's affidavit (with exhibits), Docket No. 61, and her attorney's reply affidavit, Docket No. 64. In opposition, the Village defendants filed their attorney's affidavit, Docket No. 63.

BACKGROUND

Plaintiff moved for extension of time to complete discovery, including making her expert disclosure, as well as to compel the Village defendants to answer her Interrogatories or submit to depositions (Docket No. 61, Pl. Atty. Aff. ¶ 3, Wherefore cl., Ex. B (Interrogatories and Demand for Documents upon Meyers or policy maker for Village of Fredonia). Plaintiff wrote in November 2006 and December 2007 requesting responses to these demands (id. ¶¶ 6-7, Exs. C, D). Plaintiff then called defense counsel's office, on or about January 30, 2008, noting that a motion to compel is being prepared unless these requests were responded to and, to date, no production was made by the Village's defense counsel (id. ¶ 8). Plaintiff submitted her Interrogatories in lieu of deposing Meyers a second time as the policy maker (see id. ¶ 25, Ex. H). Plaintiff also sought an extension of time to complete discovery.

After the Court granted plaintiff's motion to compel (in most part), plaintiff filed the present application for recovery of her reasonable motion expenses (Docket No. 68). Her expenses consists entirely of her attorney's fee. This totaled $1,813.50, for 9.3 hours of work by her attorney at his hourly rate of $195 per hour (id. Pl. Atty. Aff. ¶¶ 4, 5). Plaintiff's attorney was admitted to practice in 1975 and has admitted to practice before this Court since 2001. Plaintiff argues that her counsel's hourly rate is reasonable and the time allocated is fair for this motion (id. ¶ 5).

The Village defendants did not respond to this application.

DISCUSSION

I.      Standards–Discovery Sanctions for Motion to Compel

If a motion to compel is granted, the Court must award reasonable motion expenses, including attorney's fees, or, if relief is partially granted, apportion the reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), (C) (effective Dec. 1, 2007) (see Docket No. 64, Pl. Atty. Reply Aff. ¶ 12). If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed, id. R. 37(a)(5)(A). Rule 37(b)(2) refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket

No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here). In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Application

Here, plaintiff prevailed for the most part on her motion, compelling the Village defendants at a minimum to produce a copy of the department's General Orders, provide in camera inspection of various records, and produce the police training records for Meyers and

Luce. Plaintiff was denied production of her 1992 credit card theft records. (Docket No. 65, Order at 6-10, 13.) Plaintiff thus is entitled to recover her full reasonable costs in making this motion. Plaintiff submitted an affidavit of the total of her reasonable costs associated with this motion for the Court to determine the appropriate sanction award and the Village defendants were to file a response to the cost application but declined to do so.

Plaintiff's motion claim is only for the attorney's fee for the time expended in filing her motion. The Court has reviewed plaintiff's attorney's fee application with care. Plaintiff's attorney cited in the 9.3 hours time from his initial contact in November 2006 and subsequent correspondence in December 2007 and January 2008 seeking responses to his discovery demands including time spent attempting to resolve the issue short of motion practice (Docket No. 68, Pl. Atty. Aff. ¶ 5), but only .7 of an hour was spent in these activities prior to the actual drafting of the motion. Absent defense objection, that time will be allowed. As for the moving papers, counsel seeks time for drafting correspondence to defense counsel and electronically filing the reply affidavit (totaling .8 of an hour); again, absent defense objection, these will be allowed as well. The balance of the time was spent researching or drafting moving and reply papers. Thus, the entire 9.3 hours claimed is reasonable.

The next issue is whether the rate of $195 per hour is reasonable within this District. This rate is reasonable based on the Court's knowledge of prevailing community rates and the relative experience of counsel. This Court has upheld rates at this level and higher for attorneys with less than and equivalent experience as plaintiff's counsel here, see Brick v. CSX Transp., Inc. et al., No. 06CV622, Docket No. 41, 2007 U.S. Dist. LEXIS 90742, at *7-8 (W.D.N.Y. Dec. 10, 2007) (Scott, Mag. J.) (finding $195 per hour rate reasonable for partner who has

practiced for ten years and had extensive federal court and litigation experience); see also Steinman v. Spinal Concepts, Inc., No. 05CV774, Docket No. 84, 2007 U.S. Dist. LEXIS 86309, at *1-2, 4 (W.D.N.Y., Nov. 21, 2007) (Scott, Mag. J.) (sixth-year associate claiming rate of $200 per hour not disputed by opponent, fee application awarded based upon undisputed rate); cf. Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *10-13 (citing recent cases from this Court on recognized reasonable attorneys' fee rates).  Here, plaintiff's counsel has been practicing for over 30 years and before this court for over 7 years.  Again, in the absence of a response by defendants, the rate claimed by plaintiff is reasonable.

Therefore, the rate and time expended by plaintiff's counsel in making this motion is **reasonable**.  One final issue, not addressed by either party, is whether this sanction should come from defendants, from their counsel or from both.  Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted.  Fed. R. Civ. P. 37(a)(5)(A).  There is no clear attribution between client or counsel for the compelled discovery here.  Thus, the Village defendants will be held responsible for this sanction.

CONCLUSION

For the reasons stated above, plaintiff's application for recovery of her motion to compel expenses (Docket No. 68) is **granted**.  The Court has determined plaintiff's reasonable motion

expenses and the appropriate sanction amount and the Village defendants shall pay as a discovery sanction **$1,813.50** to plaintiff.

So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: Buffalo, New York
　　　　April 4, 2008