UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENISE RICHIR,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

v.

                                            05CV76S

                                            **AMENDED**

VILLAGE OF FREDONIA, NEW YORK, et al.,        **Order**

                Defendants.

Before the Court is plaintiff's application (Docket No. 68[1], March 19, 2008) for her motion costs regarding her motion to compel (Docket No. 61[2]). The Order granting plaintiff's motion to compel (Docket No. 65, Order of Mar. 11, 2008) gave plaintiff five days from entry of that Order to file and serve this application, with any response from defendants due five days from that filing and service (id. at 14, 12-13). The Court then issued an Order (Docket No. 71) awarding plaintiff as a discovery sanction the full amount of her fees, without realizing that defense counsel for the Village of Fredonia and affiliated defendants (collectively "Village defendants") had filed a response to this fee application (Docket No. 69). Familiarity with those Orders is presumed. This Amended Order supercedes the Order of April 4, 2008 (Docket No. 71) awarding plaintiff fees.

---

[1] In support of her application, plaintiff filed her attorney's affidavit, Docket No. 68. In opposition, the Village of Fredonia defendants filed their attorney's affidavit, Docket No. 69.

[2] In support of her motion, plaintiff filed her attorney's affidavit (with exhibits), Docket No. 61, and her attorney's reply affidavit, Docket No. 64. In opposition, the Village defendants filed their attorney's affidavit, Docket No. 63.

BACKGROUND

Plaintiff moved for extension of time to complete discovery, including making her expert disclosure, as well as to compel the Village defendants to answer her Interrogatories or submit to depositions (Docket No. 61, Pl. Atty. Aff. ¶ 3, Wherefore cl., Ex. B (Interrogatories and Demand for Documents upon Meyers or policy maker for Village of Fredonia). Plaintiff wrote in November 2006 and December 2007 requesting responses to these demands (id. ¶¶ 6-7, Exs. C, D). Plaintiff then called defense counsel's office, on or about January 30, 2008, noting that a motion to compel is being prepared unless these requests were responded to and, to date, no production was made by the Village's defense counsel (id. ¶ 8). Plaintiff submitted her Interrogatories in lieu of deposing Meyers a second time as the policy maker (see id. ¶ 25, Ex. H). Plaintiff also sought an extension of time to complete discovery.

After the Court granted plaintiff's motion to compel (in most part), plaintiff filed the present application for recovery of her reasonable motion expenses (Docket No. 68). Her expenses consists entirely of her attorney's fee. This totaled $1,813.50, for 9.3 hours of work by her attorney at his hourly rate of $195 per hour (id. Pl. Atty. Aff. ¶¶ 4, 5). Plaintiff's attorney was admitted to practice in 1975 and has admitted to practice before this Court since 2001. Plaintiff argues that her counsel's hourly rate is reasonable and the time allocated is fair for this motion (id. ¶ 5).

The Village defendants argued, first, that the application was after the five days ordered by the Court (Docket No. 69, Village Defs. Atty. Aff. ¶ 2). Next, they note that plaintiff does not distinguish the time spent drafting the motion to compel from the time spent on the motion for extension of the Scheduling Order, which was distinct from the discovery relief sought, and

defendants argue that the time expended on the motion to extend should not be included in any award (id. ¶ 3). They also wish to exclude from the award time regarding the Village Police Department's General Orders which defense counsel believes were already produced (id. ¶ 4), but defendants do not state how many hours within plaintiff's application were involved with this (and plaintiff's application does not detail this aspect of her discovery, cf. Docket No. 68, Pl. Atty. Aff. ¶ 4). The Village defendants also argue that disclosure of Gary Ortolano's criminal records (with the disclosure of information about Ortolano and other third parties) raised concerns with them that should not be sanctionable (Docket No. 69, Village Defs. Atty. Aff. ¶ 5), as well as parts of plaintiff's request that were denied by the Court (id. ¶ 6, plaintiff's 1992 incident report). Finally, they submit that an award of $500 would adequately compensate plaintiff for the costs of her motion (id. ¶ 7), without stating the mathematical basis for arriving at that figure.

*Original Order*

This Court granted plaintiff the full amount of her motion costs, $1,813.50, based upon the apparent absence of opposition by the Village defendants (Docket No. 71, Order at 6-7). The Court held that plaintiff's counsel's rate was reasonable for this District (id. at 5-6) and allowed for the full 9.3 hours claimed despite not prevailing on all relief sought (id. at 4-5).

DISCUSSION

I.      Standards–Discovery Sanctions for Motion to Compel

If a motion to compel is granted, the Court must award reasonable motion expenses, including attorney's fees, or, if relief is partially granted, apportion the reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), (C) (effective Dec. 1, 2007) (see Docket No. 64, Pl. Atty. Reply Aff.

¶ 12).  If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed, id. R. 37(a)(5)(A).  Rule 37(b)(2) refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  <u>See</u> <u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," <u>see</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, <u>Johnson v. the Bon-Ton Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); <u>Monahan v. SZS 33 Assocs., L.P.</u>, 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); <u>New York State NOW v. Cuomo</u>, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); <u>see</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for

fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here). In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Application

    A.     Timing of Application

The Village defendants argue that the application is out of time. The Order to compel (Docket No. 65) was filed on March 11, 2008, and it gave plaintiff five days to file her fee application (id. at 14). Calculating that period under Federal Rule of Civil Procedure 6(a), excluding intervening holidays and weekend days, that period ran on March 18, 2008. Plaintiff's counsel, however, contacted Chambers on that date and inquired if the application could be filed the next day and the Court allowed that filing, see Fed. R. Civ. P. 6(b)(1)(A). The Village

defendants are not prejudiced by a one-day delay in filing and filed their timely response two days later.

  B.  Merits

    1.  Apportionment by Relief Obtained

Here, plaintiff prevailed for the most part on her motion, compelling the Village defendants at a minimum to produce a copy of the department's General Orders, provide <u>in camera</u> inspection of various records, and produce the police training records for Meyers and Luce. Plaintiff was denied production of her 1992 credit card theft records. (Docket No. 65, Order at 6-10, 13.) The Village defendants argue that the award should be reduced for the relief plaintiff failed to obtain (<u>see</u> Docket No. 69, Village Defs. Atty. Aff. ¶ 6). This one request should not be the basis for reducing the award. Plaintiff thus is entitled to recover her full reasonable costs in making this motion. Plaintiff submitted an affidavit of the total of her reasonable costs associated with this motion for the Court to determine the appropriate sanction award and the Village defendants filed their response (Docket No. 69).

    2.  Apportionment by Motion

Plaintiff's motion claim is only for the attorney's fee for the time expended in filing her motion. The Court has reviewed plaintiff's attorney's fee application with care. Plaintiff's attorney cited in the 9.3 hours time from his initial contact in November 2006 and subsequent correspondence in December 2007 and January 2008 seeking responses to his discovery demands including time spent attempting to resolve the issue short of motion practice (Docket No. 68, Pl. Atty. Aff. ¶ 5), but only .7 of an hour was spent in these activities prior to the actual drafting of the motion. Absent defense objection on this point, that time will be allowed. As for the moving

papers, counsel seeks time for drafting correspondence to defense counsel and electronically filing the reply affidavit (totaling .8 of an hour); again, absent defense objection on this item, these will be allowed as well. The balance of the time was spent researching or drafting moving and reply papers.

The Village defendants argue that plaintiff filed two motions together, the motion to compel and the motion for extension of the Scheduling Order and that time expended on the latter should not be awarded in any sanctions (Docket No. 69, Village Defs. Atty. Aff. ¶ 3). Plaintiff's attorney's affidavit states time spent researching and drafting the motion to compel (Docket No. 68, Pl. Atty. Aff. ¶ 4), without accounting for the motion to extend time. Examining the original moving papers (see note 2, supra), the motion to compel portion of the attorney's supporting affidavit consisted of eight paragraphs plus the exhibits (Docket No. 61, Pl. Atty. Aff. ¶¶ 4-11, Exs. A-D), while the rest of the affidavit (some fourteen paragraphs) and exhibits argued for extension of the Scheduling Order (id. ¶¶ 12-25, Exs. E-H). Plaintiff's reply affidavit (Docket No. 64) dealt entirely with the motion to compel; thus, any time expended to create that document (see Docket No. 68, Pl. Atty. Aff. ¶ 4, totaling 2.5 hours, excluding time for drafting and mailing correspondence to defense counsel) should be included in the award, as should the time plaintiff's counsel expended reviewing defense response to the motion (see id., .35 hours).

With no statement of how much time was expended on the motion to compel as opposed to motion for extension of time, the Court reexamined the moving papers and this application and finds that half of the time expended in researching and drafting the initial moving papers was directed to the motion to compel and the other half to the motion for extension of time. As a

result, plaintiff's claim of 5.25 hours[3] for the initial motion, of 9.3 hours total, is reduced to 2.625 hours. Retaining the remaining hours claimed, the reasonable amount of time expended on the motion to compel only is **6.675 hours**.

        3.      Scope of Relief–General Orders and <u>In Camera</u> Review

The Village defendants next argue that the sanction award should not include time expended on plaintiff trying to obtain the police department's general orders, since they were produced to plaintiff, or to the items defendants questioned and ultimately were reviewed <u>in camera</u> (Docket No. 69, Village Defs. Atty. Aff. ¶¶ 4, 5; <u>see</u> Docket No. 70). The Village defendants did not state how much time plaintiff expended in arguing these points.

Plaintiff ultimately prevailed (at least in part) in receiving a subset of the <u>in camera</u> items (<u>see</u> Docket No. 70). The Village defendants never sought a protective order against this disclosure when plaintiff first sought it or cross moved for such an order when plaintiff ultimately moved to compel. Thus, plaintiff's time expended moving for these items should not be reduced. As for the general orders, defense counsel concedes that his response to the motion on these items was incomplete and counsel "assumed" that he produced the disk containing copies of these orders to plaintiff (Docket No. 69, Village Defs. Atty. Aff. ¶ 4). Even if defense counsel believed that the items were produced earlier, plaintiff was induced to make her motion to compel their production and, as a result, the sanction should not be reduced by the (unknown) amount of time spent arguing this point.

---

[3] Docket No. 68, Pl. Atty. Aff. ¶ 4, entries for Feb. 5, 6, and 7, 2008.

    4.    Hourly Rate

The next issue is whether the rate of $195 per hour is reasonable within this District. This rate is reasonable based on the Court's knowledge of prevailing community rates and the relative experience of counsel. This Court has upheld rates at this level and higher for attorneys with less than and equivalent experience as plaintiff's counsel here, see Brick v. CSX Transp., Inc. et al., No. 06CV622, Docket No. 41, 2007 U.S. Dist. LEXIS 90742, at *7-8 (W.D.N.Y. Dec. 10, 2007) (Scott, Mag. J.) (finding $195 per hour rate reasonable for partner who has practiced for ten years and had extensive federal court and litigation experience); see also Steinman v. Spinal Concepts, Inc., No. 05CV774, Docket No. 84, 2007 U.S. Dist. LEXIS 86309, at *1-2, 4 (W.D.N.Y., Nov. 21, 2007) (Scott, Mag. J.) (sixth-year associate claiming rate of $200 per hour not disputed by opponent, fee application awarded based upon undisputed rate); cf. Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *10-13 (citing recent cases from this Court on recognized reasonable attorneys' fee rates). Here, plaintiff's counsel has been practicing for over 30 years and before this court for over 7 years. Again, in the absence of objections by defendants on this point, the rate claimed by plaintiff **is reasonable**.

    5.    In Summary

Therefore, the rate and authorized time expended by plaintiff's counsel in making this motion is **reasonable**. With 6.675 hours determined to be reasonable and attributable to the motion to compel and at counsel's acceptable rate of $195 per hour, **$1,301.63** is the reasonable motion expenses here. The Village defendants suggest that the reasonable amount should be $500 (Docket No. 69, Village Defs. Atty. Aff. ¶ 7) but they do not state the basis for this figure. Nevertheless, the Court determines that **$1,301.63** is the reasonable motion expenses here.

6.      Apportionment of Liability

One final issue, not addressed by either party, is whether this sanction should come from defendants, from their counsel or from both. Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(5)(A). There is no clear attribution between client or counsel for the compelled discovery here. Thus, the Village defendants will be held responsible for this sanction.

## CONCLUSION

For the reasons stated above, plaintiff's application for recovery of her motion to compel expenses (Docket No. 68) is **granted in part**. The Court has determined plaintiff's reasonable motion expenses and the appropriate sanction amount and the Village defendants shall pay as a discovery sanction **$1,301.63** to plaintiff. This Order supersedes the earlier Order (Docket No. 71).

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       April 4, 2008