UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENISE RICHIR,

                         Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    05-CV-076

VILLAGE OF FREDONIA, NEW YORK, et. al.,

                         Defendants.


        1.      Plaintiff Denise Richir brings an action pursuant to 42 U.S.C. § 1983 against

the Village of Fredonia, the Village of Fredonia Police Department, Police Chief Bradley

Meyers, and Police Officer John Doe (the "Village Defendants"), and the County of

Chautauqua, the Chautauqua County District Attorney's Office, Assistant District Attorney

James P. Subjack, and Assistant District Attorney Jason L. Schmidt (the "County

Defendants").  Presently before the Court is the County Defendants' Motion to Dismiss.

(Docket No. 52).  For the following reasons, the County Defendants' Motion is granted in

part and denied in part.

        2.      Plaintiff alleges that in February of 2004, she was falsely arrested and

detained by the Village of Fredonia Police Department.  (Complaint, Docket No. 47, ¶¶ 15-

16).  Plaintiff further alleges that she was wrongfully prosecuted by the Chautauqua County

District Attorney's Office  (Complaint, Docket No. 47, ¶ 17).

        Plaintiff has alleged three causes of action against the County Defendants.  First,

Plaintiff brings a claim for malicious prosecution, alleging that the County Defendants

wrongly prosecuted her for charges of petit larceny and unlawful possession of marijuana, despite the County Defendants' knowledge that Plaintiff was innocent of these charges. Second, Plaintiff brings a claim for denial of due process, alleging that the County Defendants manufactured false and misleading information against Plaintiff.  Lastly, Plaintiff brings a claim for emotional distress, alleging that her arrest and prosecution has caused her to suffer severe anxiety and humiliation.

The County Defendants have moved to dismiss the claims against them arguing that they are entitled to absolute immunity, and that Plaintiff has failed to adequately state her causes of action.[1]

3.      Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted."   In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in plaintiff's favor.  ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50 (2d Cir. Feb. 1, 2008).  While the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief."  Bell Atlantic Corp. v. Twombly, ___U.S.___,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., Goldstein, 516 F.3d at 56.

4.      Defendants contend in their Motion to Dismiss that Assistant District

---

[1] In support of their Motion to Dismiss, the County Defendants filed a Memorandum of Law, and the Affidavits of Kurt Gustafson, James Subjack, and Jason Schmidt.  In response, Plaintiff filed a Memorandum of Law, and the Affidavits of Charles Fagan and Denise Richir with supporting exhibits.

Attorneys James P. Subjack and Jason L. Schmidt are entitled to absolute immunity from claims arising from their prosecutorial activities.  (Defendants' Mem., Docket No. 53, pp. 2-4).  Plaintiff responds that absolute immunity does not extend to a prosecutor's activities in advising law enforcement on the investigation of a case, and therefore would not preclude her suit against Subjack and Schmidt.  (Plaintiff's Mem., Docket No. 60, pp. 8-10).

It is well established that prosecutors are immune from suit for claims arising out of their initiation and pursuit of criminal charges against Plaintiff.  Shmueli v. City of New York, 424 F.3d 231, 236-37 (2d Cir. 2005).  Therefore, Defendants' Motion to Dismiss is granted in part as to Plaintiff's claim that the initiation and pursuit of charges against her constituted a malicious prosecution or a violation of due process.

Absolute prosecutorial immunity does not extend, however, to administrative and investigative functions performed by a prosecutor.  Hill v. City of New York, 45 F.3d 653, 656 (2d Cir. 1995); Taylor v. Kavanagh 640 F.2d 450, 452 (2d Cir. 1981).  To the extent that Plaintiff alleges the County Defendants advised the Village Defendants on Plaintiff's arrest and the search of her home and property, those activities are better classified as investigative, and are not entitled to absolute immunity.  Defendants' Motion to Dismiss is therefore denied in part as to Plaintiff's claim that the County Defendants advised the Village Defendants on Plaintiff's arrest and the search of her home and property.

5.      Plaintiff names the Chautauqua County District Attorney's Office as a Defendant in her Complaint.  The County Defendants contend in their Motion to Dismiss that the District Attorney's Office is a physical location, not a legal entity, and may not be sued as a party in this action. (Defendants' Mem., Docket No. 53, p. 4).  Plaintiff concedes that the District Attorney's Office "may not be an entity able to be sued."  (Plaintiff's Mem.,

3

Docket No. 60, p. 10).

In New York State, a district attorney's office is not a separate legal entity capable of being sued in a § 1983 case.  See e.g. McCray v. City of New York, 2007 WL 4352748 (S.D.N.Y. 2007); Michels v. Greenwood Lake Police Dept., 387 F.Supp.2d 361, 367 (S.D.N.Y. 2005).   Because the Chautauqua County District Attorney's Office is not a separate legal entity, it cannot be sued by Plaintiff.  Defendants' Motion to Dismiss is therefore granted in part as to all claims against the Chautauqua County District Attorney's Office.

6.      Defendants contend in their Motion to Dismiss that Plaintiff has failed to state a cause of action for malicious prosecution.  (Defendants' Mem., Docket No. 53, pp. 5-6).  Plaintiff responds that the County Defendants continued their prosecution of Plaintiff for 14 months based on improper motives and with knowledge that she was innocent.  (Plaintiff's Mem., Docket No. 60, pp. 6-7).

To prevail on a claim for malicious prosecution, Plaintiff must establish four elements:

(1) the defendant initiated a prosecution against plaintiff,

(2) without probable cause to believe the proceeding can succeed,

(3) the proceeding was begun with malice and,

(4) the matter terminated in plaintiff's favor.

Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997).

Defendants argue that because Plaintiff's case was terminated by an adjournment in contemplation of dismissal ("ACD") the matter was not terminated in her favor and she cannot prevail on a claim for malicious prosecution.  An ACD is a conditional dismissal that

4

becomes effective if the accused meets certain criteria during a period of time.  New York

CPL § 170.55 (McKinney 1999).  Courts do not view an ACD as a termination in Plaintiff's

favor for the purposes of a malicious prosecution claim.  See Breitbard v. Mitchell, 390

F.Supp.2d 237, 245-46 (E.D.N.Y. 2005); See also Worytko v. County of Suffolk, 2007 WL

1876503, at *2 (E.D.N.Y. 2007) ("An ACD is not a favorable termination because it leaves

open the question of the accused's guilt and thus precludes a claim of malicious

prosecution").

There is no dispute that on April 4, 2006, the Dunkirk City Court entered an ACD for

the charges against Plaintiff.  (Plaintiff's Counsel's Affidavit, ¶ 40, Docket No. 58;

Defendants' Counsel's Affidavit, ¶ 4.c, Docket No. 52).  Because an ACD is not a

termination in favor of the accused, Plaintiff cannot prevail on her malicious prosecution

claim.  Defendants' Motion to Dismiss is therefore granted in part as to Plaintiff's sixth

cause of action alleging malicious prosecution.

7.      The County Defendants contend in their Motion to Dismiss that Plaintiff has

failed to state a cause of action for a violation of due process.  (Defendants' Mem., Docket

No. 53, p. 6).  Plaintiff alleges in her Complaint that the County Defendants manufactured

false and misleading evidence against her in violation of her right to due process.

(Complaint, ¶ 56, Docket No. 47).  The manufacture of false evidence by a prosecutor is

a violation of due process.  See e.g. Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000).

Construing Plaintiff's allegations as true, and drawing all reasonable inferences in her

favor, this Court finds that Plaintiff has sufficiently alleged a violation of due process claim

against the County Defendants.  Accordingly, Defendants' Motion to Dismiss is denied in

part as to Plaintiff's seventh cause of action alleging the denial of due process.

8.      Plaintiff lastly brings a claim against all Defendants for intentional infliction of emotional distress.  As a preliminary matter, Plaintiff's claims for intentional infliction of emotional distress must be dismissed as against the County and the District Attorney's Office.  "[I]t is well-settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity."   Rivera v. City of New York, 392 F.Supp.2d 644, 657 (S.D.N.Y. 2005) (granting City of New York's motion to dismiss claim for intentional infliction of emotional distress) (quoting Lauer v. City of New York, 240 A.D.2d 543, 659 N.Y.S.2d 57 (App. Div. 1997).

As discussed above, Defendants Subjack and Schmidt have absolute immunity against claims stemming from the initiation and pursuit of a criminal prosecution.  Thus, the only emotional distress claim Plaintiff may pursue is that Defendants Subjack and Schmidt intentionally inflicted emotional distress on Plaintiff by wrongly advising the Village Defendants and by manufacturing false and misleading evidence against Plaintiff. Accepting all of Plaintiff's allegations as true, and drawing all reasonable inferences in her favor, this Court finds that Plaintiff has shown the grounds of her entitlement to relief, and therefore may proceed on her claim for intentional infliction of emotional distress against Defendants Subjack and Schmidt.

9.      For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 52) is GRANTED in part and DENIED in part, consistent with this Decision and Order.

FURTHER, that Plaintiff's claims against Defendants Schmidt and Subjack are DISMISSED, except for claims alleging that Schmidt and Subjack advised the Village Defendants on Plaintiff's arrest and the search of her home and property, and

manufactured false and misleading evidence against Plaintiff.

FURTHER, that Plaintiff's claims against the Chautauqua County District Attorney's Office are DISMISSED.

FURTHER, that Plaintiff's claim for intentional infliction of emotional distress against the County of Chautauqua is DISMISSED.

FURTHER, that Plaintiff's cause of action for malicious prosecution against the County Defendants is DISMISSED.

SO ORDERED.

Dated:   July 13, 2008
         Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge